234 So.2d 330 (1970)
EMPLOYERS MUTUAL CASUALTY CO. and Pennsylvania Millers Mutual Insurance Co.
v.
STANDARD DRUG COMPANY.
No. 45681.
Supreme Court of Mississippi.
April 6, 1970.
Rehearing Denied May 11, 1970.
Williams, Gunn, Eppes & Crenshaw, Meridian, Watkins & Eager, Jackson, for appellants.
Floyd, Cameron, Deen & Prichard, Meridian, for appellee.
ROBERTSON, Justice.
The Chancery Court of Lauderdale County, Mississippi, rendered judgment for $11,000 in favor of appellee, Standard Drug Company, and against appellants, Employers Mutual Casualty Company and Pennsylvania Millers Mutual Insurance Company.
On July 5, 1962, Z.V. Baucum executed a deed of trust on his business property in Laurel, Mississippi, to Mutual Savings Life Insurance Company securing an original indebtedness of $35,000. On October 11, 1963, Z.V. Baucum and his wife, Ann Baucum, executed a second deed of trust on the same business property in Laurel to Standard Drug Company securing an indebtedness of $22,122.93. This deed of trust was recorded in Deed of Trust Book 258 at page 545 of the records in the Jones County Chancery Clerk's Office. Each of these deeds of trust provided that Baucum would keep the buildings insured for at least three-fourths of the value of such buildings with loss payable clause in favor of the mortgagee.
The second deed of trust to appellee contained this provision:
"[A]nd it is specifically agreed by the mortgagors in this instrument that the said Standard Drug Company, a corporation, shall have all of the rights contained in the Deed of Trust to Mutual Savings Life Insurance Company, or assigns and shall be subject only to the interest of the said Mutual Savings Life Insurance Company, or assigns and whatever insurance, in case of loss of said buildings, shall be left after the payment of the indebtedness to the said Mutual Savings Life Insurance Company *331 may be paid to Standard Drug Company as its interest appears." (Emphasis added.)
On August 31, 1965, Baucum insured his business property against loss by fire up to $20,000 with Union Mutual Insurance Company, which was reinsured by Employers Mutual Casualty Company. On the same day, he also insured this property for $20,000 with Pennsylvania Millers Mutual Insurance Company. Both policies contained a loss payable clause in favor of Mutual Savings Insurance Company, the first mortgagee. Neither policy mentioned Standard Drug Company, the second mortgagee.
On December 26, 1966, the building covered by these two policies was damaged by fire. On February 3, 1967, the appellee, Standard Drug Company, wrote the following letter to the adjuster for the two insurers:
 "Mr. Charles Puckett
 H.B. Welborn
 P.O. Box 326
 Laurel, Miss. 39441
Dear Mr. Puckett:
We understand that your Company is handling the adjustment of fire loss to the Baucum Drug Store building, 412 North Magnolia, Laurel, Mississippi.
This is to notify you that we hold a second mortgage deed of trust on this building, signed by Dr. Vance Baucum and by Ann Baucum, as security for a promissory note also signed by these two parties.
The amount of their indebtedness to us at the present time is as follows:

 Balance of principal $18,022.93
 due on note -
 Past due interest due 1,351.70
 on note -
 ___________
 Total indebtedness
 secured by note - $19,374.63

Our deed of trust has a clause in it with reference to payment in the event of fire.
This information is being passed on to you so that you will have it at the time of settlement, and to protect any interest that we might have in the settlement.
Very truly yours,
Vice-President"
On February 3, 1967, prior to writing the above letter, the appellee, in a telephone conversation, informed the adjuster for the appellants of its interest in the insured property. At the time of the fire, the balance of the indebtedness on the first mortgage was $27,192.20, and the balance on the second mortgage was $18,022.93.
*332 On July 31, 1967, the two appellants each paid $15,500 by check to "Zeb Vance Baucum, d/b/a Baucum Drug Store, Mutual Savings Life Insurance Company, Raymond Swartzfager, Jr., Atty., and Andrew S. Scott, Jr., Atty." These two attorneys were attorneys for Baucum only. Of this $31,000, the Mutual Savings Life Insurance Company accepted $20,000 to apply on the first mortgage and the remaining $11,000 was paid to Z.V. Baucum and Ann Baucum, the mortgagors.
The only real question involved is whether the absence of a mortgage clause in favor of Standard Drug Company in each policy would preclude the Standard Drug Company from recovering the $11,000 wrongfully paid to the mortgagors.
Section 5694 Mississippi Code 1942 Annotated (1956) provides:

"When by an agreement with the assured or by the terms of a fire insurance policy taken out by a mortgagor, the whole or any part of the loss thereon is payable to the mortgagee or mortgagees of the property for their benefit, the company shall, upon satisfactory proof of the rights and title of the parties, in accordance with such terms and agreement, pay all mortgagees protected by such policy in the order of their priority of claim, as their claims shall appear, not beyond the amount of which the company is liable, and such payments shall be to the extent thereof, payments and satisfaction of the liabilities of the company under such policy." (Emphasis added.)
Section 5695 Mississippi Code 1942 Annotated (1956) provides in part:
"Each fire insurance policy on buildings taken out by a mortgagor or grantor in a deed of trust shall have attached or shall contain substantially the following mortgagee clause, viz.;
"Loss or damage, if any, under this policy, shall be payable to (here insert name of the party), as * * * mortgagee (or trustee), as * * * interest may appear, and this insurance as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property * * *." (Emphasis added.)
Both of these sections were enacted into law primarily for the protection of mortgagees.
In United States v. Sentinel Fire Insurance Co., 5 Cir., 178 F.2d 217 (1949), the Court construed Section 5695 Mississippi Code 1942 Annotated (1956):
"The wording of the first paragraph of the statute is that: `Each fire insurance policy on buildings taken out by a mortgagor or grantor in a deed of trust shall have attached or shall contain substantially the following mortgagee clause.' [Emphasis added.]
"We cannot rewrite these unambiguous and mandatory words. They are such, in our opinion, as to expressly, and without more, cast upon the insured mortgagor the duty to have attached to an insurance policy taken out by him the statutory loss payable mortgage clause in favor of his mortgagee, and also impliedly to make it the duty of the insurer likewise to comply with the statute. Since it is the duty of the mortgagor and of the insurer to have attached or inserted such a loss payable clause, then that which the statute requires to be done will be regarded as having been done. The statute does not require the consent of the insured; it does not require the mortgagor to take out a policy of insurance but only that if he takes out a policy on buildings covered by a mortgage such policy shall contain a New York Standard loss payable clause in favor of the mortgagee. * * *" (Id. at 228.)
5 Couch, Insurance 2d (1960) provides:
"As a general rule, if the mortgagor covenants to keep the mortgaged property *333 insured for the better security of the motgagee [sic], the latter will have an equitable lien upon the proceeds of insurance carried by the mortgagor, in case of a loss, to the extent of his interest in the property destroyed, even though the policy contains no mortgage clause and is payable to the mortgagor. The rule is likewise applied even though there is no formal covenant but merely an agreement of the parties, and it is oral." (§ 29:82, pp. 366-367).
"An insurer who pays the proceeds of insurance to the insured with knowledge of the existence of the mortgagee's equitable lien on the proceeds is liable to the mortgagee for the loss sustained by him. * * *" (§ 29:88, p. 371).
Couch is backed up with these statements of the rule from American Jurisprudence and Corpus Juris Secundum:
"It is a well-established rule that if the mortgagor is bound by covenant or otherwise to insure the mortgaged premises for the better security of the mortgagee, the latter will have an equitable lien upon the money due on a policy taken out by the mortgagor, to the extent of the mortgagee's interest in the property destroyed. * * *" (36 Am.Jur. Mortgages § 344, p. 856 (1941).
"Regardless of whether or not the policy is made payable to the mortgagee, if it is procured by the mortgagor under a covenant or binding agreement to insure for the mortgagee's benefit, the proceeds recovered by the mortgagor are held in trust for the mortgagee, who is deemed to have an equitable lien on the proceeds of the insurance for the satisfaction of his mortgage. * * *" (46 C.J.S. Insurance § 1147 b, p. 31 (1946)).
The equitable lien doctrine is followed in Mississippi. In Lititz Mutual Insurance Co. v. Miller, 210 Miss. 548, 50 So.2d 221 (1951), we said:
"Another reason why the Bank is entitled to the proceeds of this insurance policy lies in the existence here of an equitable lien in its favor. The law will presume that insurance taken out by a mortgagor in his name, after an agreement by him with the mortgagee to insure for the mortgagee's benefit was taken out to fulfill that agreement. * *
"* * * In the present case the mortgagor, Miller, agreed with the Bank to take out fire insurance on this property for the mortgagee's protection. The insurer has not paid the proceeds of the policy to any one else, and the Bank, as mortgagee, in accordance with this agreement, can enforce an equitable lien against the proceeds of the policy. * *" (Id. at 556-557, 50 So.2d at 225-226.) (Emphasis added.)
On February 3, 1967, the appellee gave both oral and written notice to the appellants of its deed of trust on Baucum's business property at 412 North Magnolia, Laurel, Mississippi. This was almost six months before appellants settled with Baucum and the first mortgagee. We agree with the chancellor that the appellants acted at their peril when they chose to ignore the notice so clearly given by the appellee and to settle with the mortgagors and first mortgagee only. The agreed damage to the insured premises was $31,000. Only $20,000 of this amount was applied on the first mortgage.
By their own admission, the security for the second mortgage was damaged $11,000 more. It follows, therefore, that the appellee was damaged in the sum of $11,000 which should have been paid to the appellee and by it applied on the second mortgage. The judgment of the chancery court is affirmed.
Affirmed.
GILLESPIE, P.J., and JONES, BRADY, and INZER, JJ., concur.