SMITH, Justice:
Gulf National Bank, owner and holder of two recorded chattel trust deeds executed by Baker Air Conditioning Company, Inc., and the promissory notes of that firm which they secured, and Webb M. Mize, trustee in the trust deeds, appeal from a decree of the Chancery Court of Harrison County. That decree adjudicated that claims of, and assignments to, certain other creditors of Baker Air Conditioning, who are appellees here, primed the liens of the recorded trust deeds. The effect of that conclusion on the part of the chancellor was to deny to appellants the proceeds of certain fire insurance, afforded by the Hartford Fire Insurance Company, on the encumbered chattels when those chattels were destroyed by fire.
Other matters dealt with by the chancellor are not involved on this appeal.
No issue is raised as to the validity of the Bank’s trust deeds, nor is it questioned that they had been duly recorded and were prior in time to the assignments held by two of the appellees and to judgments subsequently recovered by the other appellees.
The trust deeds, as well as one of the notes, contained express covenants on the part of Baker Air Conditioning to keep the property insured for the protection of the Bank’s interests.
At the time of the fire, coverage had been provided Baker Air Conditioning by Hartford through the issuance of a succession of three “binders,” the last of which was in effect on the date of the loss. Each of these binders contained an express covenant to the effect that the policy, eventually to be issued, but which never was, would contain a clause providing for payment to the Bank as mortgagee in case of loss, as its interests might appear. The first of these 30 day binders was issued to Baker Air Conditioning by Hartford on May IS, 1967 and provided coverage from that date to June IS, 1967. The personalty encumbered by the trust deeds was described by reference to its location, along with other property not here involved. The next binder renewed the coverage and extended it from June 15, 1967 to July 15, 1967. It too correctly stated the location of the property, and also provided for a mortgagee clause for the Bank’s protection.
On July 15, 1967, a third 30 day binder was issued, extending coverage from that date to August 15, 1967. Hartford’s answer in this case describes this binder as a “renewal” of the previous binders, but through what was apparently a clerical error, statement of the location of the property was transposed and an ambiguity was created. All else in the binder is the same as in the preceding binders. The same items are listed, and except for the error mentioned, the same amounts of insurance provided, and included the same mortgagee provision with respect to the inclusion of a mortgagee clause in favor of the Bank. It should be noted that at the time the Bank held no mortgage on realty belonging to Baker Air Conditioning. However, as stated, in this renewal, the amounts of insurance provided for personal property at “Location #1” and “Location #2” seem to have been transposed.
On July 19, 1967, the personalty encumbered by the trust deeds was totally destroyed by fire. Following the fire, Baker Air Conditioning attempted to assign a part of the proceeds of the insurance to two of its creditors, appellees Williams and Industries Sales Corporation. Each of the assignments referred to the Bank’s claim and to the mortgagee clause in its favor, but undertook to say that the Bank’s interest in the insurance was limited to that “on the building.”
However, each of the assignments recited that the insurance provided by Hartford under the binder had covered “real property, equipment and contents at 309 W. Water Street, Biloxi, Mississippi, said insur- *403 anee being in the amount of $17,000.00 on the building and $20,000.00 on the contents.” It was the “contents” of the building at the stated address which was covered by the Bank’s trust deeds.
Certain other creditors of Baker Air Conditioning, who are also appellees here, obtained judgments against Baker Air Conditioning and also intervened to claim part of the insurance proceeds.
In determining the priorities of the several claimants, the chancellor considered, among other things, an old and expired policy issued at one time by United States Fidelity & Guaranty. It contained no mortgagee clause. He also considered a blank standard form of policy, such as customarily was issued by Hartford, but which had, in fact, never been issued to anyone, and which contained, of course, no mortgagee clause. He held that the third binder, referred to in Hartford’s answer as a “renewal” binder, although it provided that the policy to be issued would contain a mortgagee clause protecting the Bank, had afforded no coverage available to the Bank which would come ahead of the assignments and judgments obtained by appellees.
It seems reasonably clear from the circumstances and from the language of the binder itself, that the renewal binder issued by Hartford extending the preceding binders, and which was in effect on the date of the fire, was intended and accepted as an extension of the coverage provided by the preceding binders and as protecting the interests of the Bank as mortgagee. Considered in connection with the undisputed facts of the case, the misstatement of the location of the property, by transposition of two of the items which had appeared in each of its predecessors, would appear to have been no more than a clerical error. But whether it was or not, and the decision here does not rest upon that conclusion, Baker Air Conditioning, in obtaining the coverage, as it was obligated to do by the trust deeds, provided for the insertion of a mortgagee clause for protection of the Bank. It will be presumed that it did so in fulfillment of the obligation which rested upon it. The Bank had, at the least, an equitable lien upon the proceeds of the insurance which effectively primed the claims of general creditors under their after-acquired judgments as well as those creditors to whom Baker Air Conditioning attempted to assign the proceeds after the fire.
The binders provided that the policy to be issued, but which never was, would not be inconsistent with the binders which specifically named the Bank as mortgagee beneficiary. Other creditors of Baker Air Conditioning could acquire no greater interest or right in the property, in the face of the constructive notice of the Bank’s recorded and valid trust deeds, than Baker Air Conditioning itself possessed, either by obtaining judgments or by accepting assignments from Baker Air Conditioning.
In Lititz Mutual Insurance Company v. Miller, 210 Miss. 548, 50 So.2d 221 (1951) this Court said:
“[W]e think the better view is that such an equitable lien exists when there is an agreement to insure for the mortgagee’s benefit, and subsequent insurance in the mortgagor’s name, without necessity to establish as a fact that the insurance was taken with intent to perform the agreement. The law will presume the actual intent to be in accord with the duty.”
(210 Miss. at 557, 50 So.2d at 225).
In Employers Mutual Casualty Company v. Standard Drug Company, 234 So.2d 330 (Miss.1970) in approving the principles laid down in Lititz, the Court quoted from American Jurisprudence and Corpus Juris Secundum as follows:
“It is a well-established rule that if the mortgagor is bound by covenant or otherwise to insure the mortgaged premises for the better security of the mortgagee, the latter will have an equitable lien upon the money due on a policy taken out by the mortgagor, to the extent of the mortgagee’s interest in the property *404 destroyed. * * * ” (36 Am.Jur.Mortgages § 344, p. 856 (1941).
“Regardless of whether or not the policy is made payable to the mortgagee, if it is procured by the mortgagor under a covenant or binding agreement to insure for the mortgagee’s benefit, the proceeds recovered by the mortgagor are. held in trust for the mortgagee, who is deemed to have an equitable lien on the proceeds of the insurance for the satisfaction of his mortgage. * * * ” (46 C.J.S. Insurance § 1147b, p. 31 (1946)).
(234 So.2d at 333).
The decree appealed from is reversed and a decree is entered here awarding to the Bank the proceeds of the insurance, to the extent of its claim. As the Bank’s claim will consume the amount of insurance available, it is unnecessary to consider the priority of the other claimants among themselves.
Reversed and decree here for appellant.
GILLESPIE, C. J., and PATTERSON, INZER and ROBERTSON, JJ., concur.